**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANISHA R. KING,<br><br>        Plaintiff(s),<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant(s). | 2:14-CV-967 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff Janisha R. King's motion to remand to state court. (Doc. # 7). Defendant State Farm Mutual Auto. Ins. Co. ("State Farm") filed a response in opposition. (Doc. # 10).

**I.      Background**

This action arises from an auto accident that occurred on October 30, 2012, in which plaintiff allegedly sustained injuries. (Doc. # 7). Plaintiff unsuccessfully sought coverage under the underinsured/uninsured motorist ("UM/UIM") provision of her insurance policy with State Farm. (Doc. # 7).

On April 29, 2014, plaintiff initiated this action in the Nevada state court, alleging causes of action for breach of contract, unfair claims practice, and breach of the covenant of good faith and fair dealing. (Doc. # 7-1). State Farm removed the case to this court on July 2, 2014, pursuant to 28

**James C. Mahan**
**U.S. District Judge**

1  U.S.C. § 1332 and § 1441. (Doc. # 1). In the instant motion, plaintiff seeks remand, arguing that the amount in controversy requirement pursuant to 28 U.S.C. § 1332(a) has not been met. (Doc. # 7).

## II.   Legal Standard

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000.

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.* Where the complaint does not establish the amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.   Discussion

Plaintiff is a resident of Clark County, Nevada and State Farm is an Illinois corporation with its principal place of business in that state. (Doc. # 1). The parties agree that the diversity of citizenship requirement is met. (*See* docs. # 10 at 3, # 7 at 3). However, plaintiff disputes that the amount in controversy criterion has been satisfied. (Doc. # 7 at 3).

In response, State Farm argues that the record clearly establishes that the amount in controversy exceeds the requisite threshold. (Doc. # 10 at 6). State Farm asserts that plaintiff incurred over $18,000 in past medical specials and received a surgical recommendation for her injuries, which "on average" costs $22,300 in Las Vegas. (Doc. # 10 at 3-4). State Farm further contends that plaintiff's complaint seeks consequential and punitive damages in excess of $30,000. (Doc. # 10 at 4).

Upon review of the complaint and State Farm's statement in support of removal, it does not appear that this court has subject-matter jurisdiction over this case. The court finds that State Farm

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  has not shown, by a preponderance of the evidence, that this case exceeds the $75,000 threshold. In
2  fact, according to the values put forth by State Farm, the sum of plaintiff's medical specialty, future
3  surgery expenses, and consequential/punitive damages equals $70,300.
4      Therefore, the court finds that the amount in controversy requirement has not been satisfied
5  and plaintiff's motion to remand will be granted.
6      Accordingly,
7      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
8  remand (doc. # 7) be, and the same hereby is, GRANTED.
9      IT IS FURTHER ORDERED that this case is remanded to the district court, Clark County,
10 Nevada. The clerk is therefore instructed to enter judgment and close the case.
11     DATED August 12, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -